1   Thomas V. Girardi (#36603 tgirardi@girardikeese.com)
    Graham B. LippSmith  (#221984 glippsmith@girardikeese.com)
2   **GIRARDI | KEESE**
    1126 Wilshire Blvd.
3   Los Angeles, CA 90017
    Telephone: (213) 977-0211
4   Facsimile: (213) 481-1554

5

    *Attorneys for Plaintiffs and the Class*
6
                   **UNITED STATES DISTRICT COURT**
7
          **IN AND FOR THE CENTRAL  DISTRICT OF CALIFORNIA**
8

9   **ANDREW BARTON,**                    )   Case No.    **CV07-07392** PSG/(PJWx)
    **TRACEY WADMORE SMITH,**             )
10  individually and on behalf of all     )
    others similarly situated,            )
11                                        )   **CLASS ACTION COMPLAINT**
            Plaintiffs,                   )
12          vs.                           )   **COMPLAINT FOR VIOLATIONS
                                          )   OF THE SHERMAN ANTITRUST
13  **AIR NEW ZEALAND,**                  )   ACT 15 U.S.C. § 1**
    **ALL NIPPON AIRWAYS,**               )
14  **CATHAY PACIFIC AIRWAYS,**           )   **JURY TRIAL DEMANDED**
    **CHINA AIRLINES,**                   )
15  **EVA AIRWAYS,**                      )
    **JAPAN AIRLINES**                    )
16  **INTERNATIONAL ,**                   )
    **MALAYSIA AIRLINES,**                )
17  **NORTHWEST AIRLINES,**               )
    **QANTAS AIRWAYS,**                   )
18  **SINGAPORE AIRLINES,**               )
    **THAI AIRWAYS,**                     )
19                                        )
20          Defendants.                   )

21

22

23

24

25

26

27

28

**Class Action Complaint**



DOCKETED ON CM

NOV 1 6 2007

BY                067

# TABLE OF CONTENTS

Page

OVERVIEW OF THE ACTION ....................................... 1

JURISDICTION AND VENUE ....................................... 2

PARTIES ....................................................... 3

    A.    Defendants ............................................. 3

    B.    Plaintiffs .............................................. 5

    C.    Unnamed Co-Conspirators and Agents ...................... 6

DEFENDANTS' ENORMOUS PROFITS FROM SURCHARGES .......... 6

TRADE AND COMMERCE .......................................... 7

CLASS ACTION ALLEGATIONS ................................... 8

THE DOJ INVESTIGATION ....................................... 9

DEFENDANTS' SHARES OF THE PASSENGER MARKET ............. 10

DEFENDANTS ACTED IN CONCERT ON FUEL SURCHARGES ........ 11

TRADE ORGANIZATIONS AND CARTEL OPPORTUNITIES ........... 13

JOINT MEETINGS .............................................. 16

LOS ANGELES CARTEL ACTIVITIES ............................. 18

PREPARING FOR FUEL SURCHARGE FINES ....................... 18

ALLEGED VIOLATIONS ......................................... 19

FRAUDULENT CONCEALMENT OF UNLAWFUL CONDUCT .......... 21

INJURY TO PLAINTIFFS AND THE CLASS ......................... 22

PRAYER FOR RELIEF .......................................... 22

JURY TRIAL DEMAND ......................................... 24

1    Plaintiffs ANDREW BARTON and TRACEY WADMORE SMITH bring
this action, pursuant to the Federal Rules of Civil Procedure, on behalf of

2

3    themselves and all others similarly situated, for treble damages and injunctive

4    relief under the federal antitrust laws of the United States, Section 1 of the

5    Sherman Antitrust Act of 1890, 15 U.S.C. § 1 ("Sherman Act") and Sections 4 and

6    26 of the Clayton Antitrust Act of 1914, 15 U.S.C. §§ 15, 26 ("Clayton Act")

7    against Defendants. Plaintiffs complain and allege upon information and belief

8    except as to those paragraphs applicable to the named Plaintiffs, which are based

9    on personal knowledge, as follows:

10                    **OVERVIEW OF THE ACTION**

11    1.    This action arises from a conspiracy to fix, increase, maintain and/or

12    stabilize prices for passenger flights for transpacific flights to and from the United

13    States ("Passenger Air Transportation"). This global conspiracy among certain

14    airlines includes the fixing of fuel surcharges on this transportation ("Fuel

15    Surcharges") for transpacific flights.

16    2.    Fuel surcharges are fees charged to passengers by airlines to

17    allegedly help compensate the airlines for increased fuel costs – but Defendants

18    and others joined together in a conspiracy to increase revenue by assessing

19    inflated Fuel Surcharges.

20    3.    Plaintiffs bring this action to recover treble damages and injunctive

21    relief for violations of the United States antitrust laws, on behalf of all persons and

22    entities that purchased Passenger Air Transportation, to and from the United

23    States, from any of the Defendants and their co-conspirators or any predecessor,

24    subsidiary, or affiliate of each, at any time during the period from March 2004 to

25    September 2007 (the "Class Period").

26    4.    Defendants agreed, combined, and/or conspired with each other to

27    fix, increase, maintain, and/or stabilize the prices of Passenger Air Transportation
and Fuel Surcharges thereon during the Class Period. As a result of Defendants'

28    unlawful conduct and conspiracy, Plaintiffs and the other members of the Class

**Class Action Complaint**                                                      1

1    paid artificially high prices for Passenger Air Transportation and Surcharges
2    thereon, and have been damaged accordingly.

3       5.     Defendants, at all relevant times herein, were airlines that conducted
4    and sold Passenger Air Transportation, and charged fixed Fuel Surcharges, to
5    airline passengers in the United States and throughout the world, including but not
6    limited to flights to and from Los Angeles, California.

7       6.     Los Angeles International Airport ("LAX") is the No. 1 international
8    gateway to Asia/Pacific. It is the world's fifth busiest passenger airport, with more
9    than 60 million passengers traveling through LAX in 2006. According to airport
10   officials, LAX has the most flights of any U.S. city to Asia and Pacific countries.
11   Currently there are 264 flights operating to Asia weekly with a passenger capacity
12   of 10,000 – 45 percent more than LAX's nearest rival, San Francisco International
13   Airport. The U.S. Department of Transportation reported that in 2005, LAX
14   ranked No. 2, behind only New York's John F. Kennedy International Airport, in
15   the top 40 U.S. passenger gateways to the world in scheduled passenger service.
16   That year LAX had 16.8 million gateway passengers, or 20.5% of the U.S. share
17   and 79.5% of the foreign share.

18                       **JURISDICTION AND VENUE**

19       7.     Pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15
20   and 26, this Complaint is brought to obtain injunctive relief and to recover treble
21   damages and the costs of this suit, including reasonable attorneys' fees, against
22   Defendants for the injuries sustained by Plaintiffs and the members of the Class by
23   reason of Defendants' violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

24       8.     Pursuant to 28 U.S.C. §§ 1331 and 1337, and Sections 4 and 16 of the
25   Clayton Act, 15 U.S.C. §§ 15 and 26 this Court has jurisdiction over this action.

26       9.     This Court has *in personam* jurisdiction over the Defendants because
27   each was engaged in an illegal price-fixing scheme and conspiracy that was

28

**Class Action Complaint**                                             2

1  flights into the United States, with a focus on Los Angeles. Cathay Pacific
2  Airways registered with the California Secretary of State on September 23, 1977
3  with its current agent for service in San Francisco.

4       15.  Defendant **China Airlines** is the flag carrier of the Republic of China,
5  Taiwan with its principal place of business at 131 Nanking E Rd., Section 3,
6  Taipei, Taiwan. China Airlines conducts Passenger Air Transportation throughout
7  the world, including direct transpacific flights into the United States, with a focus
8  on Los Angeles. China Airlines registered with the California Secretary of State
9  on May 15, 1969 with its current agent for service in El Segundo, Los Angeles
10  County.

11       16.  Defendant **EVA Airways** is a Taiwanese company with its principal
12  place of business at 16F.-1, No. 207, Fusing Road, Taoyuan City, Taoyuan
13  County, Taiwan. EVA Airways conducts Passenger Air Transportation throughout
14  the world, including direct transpacific flights into the United States, including
15  Los Angeles. EVA Airways registered with the California Secretary of State on
16  October 24, 1991 with its current agent for service in Los Angeles.

17       17.  Defendant **Japan Airlines International** is a Japanese company with
18  its principal place of business at 4-11, Higashi-Shinagawa 2-chrome, Shinagawa-
19  Ku, Tokyo 140-8605, Japan. Japan Airlines International conducts Passenger Air
20  Transportation throughout the world, including into the United States, with a focus
21  on Los Angeles. Japan Airlines International registered with the California
22  Secretary of State on January 29, 1954 with its current agent for service in El
23  Segundo, Los Angeles County.

24       18.  Defendant **Malaysia Airlines** is the national airline of Malaysia with
25  its principal place of business at MAS Complex A, Sultan Abdul Azia Shah
26  Airport, 47200 Suband, Selangor Darui Ehsan, Malaysia. Malaysia Airlines
27  conducts Passenger Air Transportation throughout the world, including into the
28  United States, with a focus on Los Angeles.

**Class Action Complaint**                                                 4

1   directed at and/or caused injury to persons and entities residing in, located in, or
2   doing business throughout the U.S. and in the Central District of California.

3   10.    Pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b), (c), and (d)
4   venue is proper in this judicial district because during the Class Period many of
5   the Defendants resided, transacted business, were found, or had agents in this
6   district, and because a substantial part of the events giving rise to Plaintiffs' claims
7   occurred, and a substantial portion of the affected trade and commerce described
8   below has been carried out, in this district.

9   11.    No other forum would be more convenient for the parties and
10  witnesses to litigate this case.

11                          **PARTIES**

12  **A.    Defendants**

13  12.    Defendant **Air New Zealand** is the New Zealand national flag carrier,
14  with its principal place of business at Quay Tower, 29 Customs St. West,
15  Auckland, 1020, New Zealand. Air New Zealand conducts Passenger Air
16  Transportation throughout the world, including into the U.S., with a focus on Los
17  Angeles.

18  13.    Defendant **All Nippon Airways** is a company incorporated under the
19  laws of Japan with its principal place of business at Shidome-City Center, 1-5-2,
20  Higashi-Shimbashi, Minato-ku, Tokyo 105-7133, Japan. All Nippon Airways
21  conducts Passenger Air Transportation throughout the world, including into the
22  U.S., with a focus on Los Angeles. All Nippon Airways registered with the
23  California Secretary of State on March 14, 1986 with its current agent for service
24  in Torrance, Los Angeles County.

25  14.    Defendant **Cathay Pacific Airways** is a Hong Kong-based company
26  with its principal place of business at 9 Connaught Road, Central Swirel
27  Housepox Box 1 GPO, Hong Kong K3. Cathay Pacific Airways conducts
28  Passenger Air Transportation throughout the world, including direct transpacific

**Class Action Complaint**                                                    3

1    19.    Defendant **Northwest Airlines** is incorporated in the State of

2  Delaware with its principal place of business at 2700 Lone Oak Parkway, Eagan,

3  MN 55121. Northwest Airlines conducts Passenger Air Transportation throughout

4  the world, including into the United States, including Los Angeles. Northwest

5  Airlines registered with the California Secretary of State on September 14, 1987

6  with its current agent for service in Los Angeles.

7    20.    Defendant **Qantas Airways** is the national airline of Australia with

8  its principal place of business at 203 Coward Street, Qantas Centre, Mascot NSW

9  2020 C3. Qantas Airways conducts Passenger Air Transportation throughout the

10  world, including into the United States, with a focus on Los Angeles. Qantas

11  Airways registered with the California Secretary of State on May 18, 1954 with its

12  current agent for service in Los Angeles.

13    21.    Defendant **Singapore Airlines** is the national airline of Singapore

14  with its principal place of business at Airline House, 25 Airline Road, 819829

15  Singapore. Singapore Airlines conducts Passenger Air Transportation throughout

16  the world, including direct flights into the United States, with a transpacific focus

17  on Los Angeles. Singapore Airlines registered with the California Secretary of

18  State on August 25, 2005 with its current agent for service in Los Angeles.

19    22.    Defendant **Thai Airways** is the national air carrier of Thailand with

20  its principal place of business at 89 Vibhavadi-Rangsit Road, Bangkok, Thailand

21  10900. Thai Airways conducts Passenger Air Transportation throughout the world,

22  including direct transpacific flights into the United States, with a focus on Los

23  Angeles. Thai Airways registered with the California Secretary of State on March

24  21, 1989 with its current agent for service in Sacramento, California.

25    **B.    Plaintiffs**

26    23.    Plaintiff **ANDREW BARTON** is a citizen of the State of California,

27  Los Angeles County. Plaintiff Barton purchased Passenger Air Transportation

28  and paid Fuel Surcharges thereon from Defendant Air New Zealand during the

1  Class Period and has suffered pecuniary injury as a result of the antitrust violations
2  alleged herein.

3       24.    Plaintiff **TRACEY WADMORE SMITH** is a citizen of the State of
4  California, Los Angeles County.  Plaintiff Smith purchased Passenger Air
5  Transportation and paid Fuel Surcharges thereon from Defendant Qantas Airways
6  during the Class Period and has suffered pecuniary injury as a result of the
7  antitrust violations alleged herein.

8       25.    Plaintiffs identified in the preceding two  paragraphs are collectively
9  referred to herein as "Plaintiffs."

10      **C.    Unnamed Co-Conspirators and Agents**

11      26.    Other airlines, trade groups, or other entities, willingly conspired at
12  all relevant times with Defendants in their unlawful restraint of trade.  All
13  averments herein against named Defendants are also averred against these
14  unnamed co-conspirators as though set forth at length. The acts alleged to have
15  been done by Defendants were authorized, ordered or done by their directors,
16  officers, agents, employees, or representatives while actively engaged in the
17  management of each of the Defendants' affairs.

18      **DEFENDANTS' ENORMOUS PROFITS FROM SURCHARGES**

19      27.    Because  Defendants controlled a vast majority of the Passenger Air
20  Transportation with their dominant combined market share during the Class
21  Period,  customers were unable to shop their Passenger Air Transportation
22  purchases to other carriers, allowing Defendants to profit enormously  from the
23  Fuel Surcharges.

24      28.    Surcharges  are designed to compensate for increased external costs,
25  thus they should bear a relatively constant relationship to external cost levels.  In a
26  competitive market, Fuel Surcharges should rise and fall at relatively constant
27  ratios to the associated jet fuel costs.  Since their inception in March 2004, the
28  ratio of Defendants' Surcharges to external costs has increased steadily.  The Fuel

**Class Action Complaint**                                                          6

1 | Surcharges bore no relationship to the Defendants' actual fuel costs or fuel cost
2 | increases.

3 |     29.    Due to the concerted implementation and maintenance of the
4 | agreed-upon Passenger Air Transportation and Fuel Surcharge price levels, the
5 | ratio of Defendants' profits to external costs was therefore quite high. Thus despite
6 | record fuel costs during the Class Period, Defendants' Fuel Surcharges were
7 | actually responsible for enormous profit growth for Defendants.

8 | **TRADE AND COMMERCE**

9 |     30.    During the Class Period, there was an uninterrupted and continuous
10 | flow of Passenger Air Transportation in international commerce throughout the
11 | United States and especially into and out of LAX.

12 |     31.    As described herein, Defendants' unlawful activities took place
13 | within the flow of commerce to Passenger Air Transportation customers
14 | throughout the world, and had a direct, substantial and reasonably foreseeable
15 | effect upon interstate and international commerce in the United States.

16 | **CLASS ACTION ALLEGATIONS**

17 |     32.    Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3),
18 | Plaintiffs bring this action on their behalf and as a class action on behalf of the
19 | following Class:

20 |         All individuals or entities (excluding governmental
21 |         entities, Defendants, and their parents, predecessors, subsidiaries, affiliates, and their co-conspirators) who
22 |         purchased passenger air transportation, for Pacific flights and who paid a fuel surcharge to any of the
23 |         Defendants and their co-conspirators or any predecessor, subsidiary, or affiliate of each, at any time during the
24 |         period from March 2004 to September 2007.

25 |     33.    Plaintiffs do not know the exact number of Class members because
26 | such information is in the Defendants' control. However, Plaintiffs believe that
27 | Class members number at least in the tens of thousands and are sufficiently
28 | numerous and geographically dispersed throughout the United States and the

1  world so that joinder of all Class members is impracticable.  It is estimated that
2  there were more than 10 million passengers traveling to the Pacific out of Los
3  Angeles in 2006.

4  34.  There are questions of law or fact common to the Class, including:

5  a.  Whether Defendants engaged in a combination or conspiracy to
6  fix, increase, maintain, and/or stabilize Passenger Air Transportation and Fuel
7  Surcharge prices affecting commerce in the United States and throughout the
8  world;

9  b.  As alleged in this Complaint, whether the conduct of
10  Defendants caused injury to the businesses or property of Plaintiffs and the other
11  members of the Class;

12  c.  Whether the alleged conspiracy violated Section 1 of the
13  Sherman Act;

14  d.  The duration of the conspiracy alleged in this Complaint and
15  the nature and character of the acts performed by Defendants in furtherance of the
16  conspiracy;

17  e.  The effect of Defendants' conspiracy on the Passenger Air
18  Transportation and Surcharge prices charged in the United States and throughout
19  the world during the Class Period; and

20  f.  The appropriate measure of damages sustained by Plaintiffs
21  and other members of the Class.

22  35.  Plaintiffs are members of the Class and their claims are typical of the
23  claims of the Class members.  Plaintiffs will fairly and adequately protect the
24  interests of the Class.  Plaintiffs purchased Passenger Air Transportation and
25  Surcharges from one or more Defendants, and their interests are coincident with
26  and not antagonistic to those of other members of the Class.  Plaintiffs are
27  represented by competent counsel experienced in the prosecution of antitrust and
28  class action litigation.

**Class Action Complaint**  8

1       36.    A class action is superior to other methods for the efficient and fair

2  adjudication of this controversy.

3       37.    Treatment as a class action will permit a large number of similarly

4  situated consumers to adjudicate their common claims in a single forum

5  simultaneously, efficiently, and without the duplication of effort and expense that

6  numerous individual actions would create.

7       38.    The questions of law and fact common to the members of the Class

8  predominate over any questions affecting only individual members.

9       39.    Class treatment will also permit the adjudication of relatively small

10  claims by many Class members who otherwise could not afford to litigate a claim

11  such as is asserted in this Complaint.

12       40.    This class action presents no difficulties in management that would

13  preclude maintenance as a class action.  In addition, the Class is readily definable

14  and is one for which records of the names and addresses of the members of the

15  Class exist in the Defendants' files.

16                          **THE DOJ INVESTIGATION**

17       41.    The U.S. Department of Justice ("DOJ") initiated an investigation

18  into air passenger fuel surcharge conspiracies worldwide in 2006, including

19  transatlantic and transpacific routes.  On August 1, 2007, the DOJ announced a

20  $300 million settlement with British Airways in its Fuel Surcharge probe .  The

21  DOJ "charged that between August 2004 and February 2006, British Airways

22  engaged in a conspiracy to suppress and eliminate competition by fixing the Fuel

23  Surcharge charged to passengers on long-haul international flights, including

24  flights between the United States and the United Kingdom., the DOJ said in a

25  news release.

26       42.    The DOJ,  noting in its news release four different times that its

27  investigation was  "ongoing,"  signaled that the focus was also on transpacific

28  flights to and from the United States.

1       43.    At the same time, the DOJ announced a settlement with Korean Air

2   for fare price fixing on transpacific flights from the United States to Korea.

3   Korean Air has "agreed to cooperate with the Department's ongoing

4   investigation," the DOJ said.  Korean Air's unnamed co-conspirator in the

5   passenger fare price fixing via Fuel  Surcharges was Asiana Airlines, which

6   sought amnesty, according to media reports.

7       44.    Asiana Airlines and Korean Air, among the world's top transpacific

8   carriers, have been in hot water before. They were implicated in collusion and

9   anticompetitive behavior by the Korean Fair Trade Commission. The commission

10  fined Korean Air and Asiana in 2001 for conspiring to set Passenger Air

11  Transportation services in Korea.

12      45.    Several of the Defendants and unnamed co-conspirators have been

13  identified as subject and/or targets in investigations by the DOJ and the European

14  Union into air cargo fuel surcharge price fixing.

15      46.    They include Defendant All Nippon Airways, Asiana Airlines,

16  Defendant Japan Airlines, Korean Airlines, Defendant Northwest Airlines, and

17  Defendant Qantas Airways.  Defendants and other airlines are accused of

18  developing and participating in conspiracies to increase revenue by assessing

19  inflated Fuel Surcharges in  both the air passenger and cargo investigations.

20              **DEFENDANTS' SHARES OF THE PASSENGER  MARKET**

21      47.    Individual Defendants possess a significant share of the market on

22  their routes of travel.  The principal competitors for the Defendants in the

23  transpacific Passenger Air Transportation market are therefore one another.

24      48.    Passenger Air Transportation is a homogenous service sold by

25  airlines, including Defendants, to airline customers, including Plaintiffs and the

26  members of the Class, primarily based on price.

27      49.    Passenger Air Transportation is a commodity product that is fungible

28  in the sense that Passenger Air Transportation provided by any one airline is

**Class Action Complaint**                                                                    10

1  readily substitutable for the Passenger Air Transportation provided by any other
2  airline.

3       50.    The market for Passenger Air Transportation in the United States and
4  worldwide is highly concentrated, thus there exists substantial barriers to entry in
5  this market; both factors facilitate the implementation and maintenance of a
6  horizontal price-fixing cartel such as that perpetrated by Defendants and alleged
7  herein.

8              **DEFENDANTS ACTED IN CONCERT ON FUEL SURCHARGES**

9       51.    Surcharges generally are a feature of the air transportation market ·
10 worldwide in which airlines charge extra fees – above and beyond basic flight rate
11 charges – with the intent of defraying certain external costs of the carriers.

12      52.    Defendants agreed on when and how much to increase the surcharges.
13 Beginning in March 2004, Defendants agreed to act in concert with one another in
14 demanding passengers pay inflated Fuel Surcharges to defray fuel costs.

15      53.    But for Defendants' Passenger Air Transportation conduct
16 Defendants would have been unable to perpetrate the extent to which they
17 increased the prices of their Fuel Surcharges.

18      54.    Defendants were aware that their imposition of Fuel Surcharges
19 would not be successful if their competing carriers did not join them, otherwise
20 customers would be free to seek lower prices. For this reason, Defendants entered
21 into agreements to raise surcharges at the same times and in the same amounts.

22      55.    The collusion of Japan Airlines International and All Nippon Airways
23 ("ANA") is representative of the behavior of the other Defendants.  Japan Airlines
24 International and ANA agreed to raise and lower fares on nearly always the same
25 dates and were in near lockstep on surcharges for transpacific fares:

26      56.    June 8, 2004, ANA files a notice with the Japanese government to
27 raise international fares, in the wake of increased fuel prices,  to and from Japan,
28 effective **July 1,**  5% hike.

1    57.    June 8, 2004, Japan Airlines files a notice with the Japanese
2   government to raise international fares, in the wake of increased fuel prices,  to
3   and from Japan, effective **July 1**, 5% hike.

4    58.    January 5, 2005, ANA announces it will add fuel surcharges on
5   international fares on **February 1**.  The surcharges for transpacific flights were
6   2,500 yen.

7    59.    January 20, 2005, Japan Airlines announces it will add fuel
8   surcharges on international passenger fares on **February 1**. The surcharges for
9   transpacific flights were 2,500 yen.

10    60.    June 3, 2005, Japan Airlines files a notice with the Japanese
11   government to raise its  international fuel surcharge effective **July 1**.
12   June 7, 2005, ANA files a notice with the Japanese government to raise its
13   international fuel surcharge effective **July 7**.

14    61.    January 16, 2006, Japan Airlines files a notice with the Japanese
15   government to raise its international fuel charge effective **March 1**.
16   January 23, 2006, ANA files a notice with the Japanese government to raise its
17   international fuel surcharge,  effective **March 1**.

18    62.    August 17, 2006, Japan Airlines files a notice with the Japanese
19   government to raise its international fuel surcharge, effective **October 1**,  from
20   8,000 yen to  13,600 yen ($66 to $113).

21    63.    August 31, 2006, ANA files a notice with the Japanese government to
22   raise its international fuel surcharge, effective **October 15**, from 8,000 yen to
23   13,600 yen ($66 to $113).

24    64.    November 16, 2006, Japan Airlines files a notice with the Japanese
25   government to reduce the fuel  surcharge on international passenger fares effective
26   **January 1**, lowering the surcharge from 13,600 yen to 13,000 yen ($113 to $108).

27    65.    November 16, 2006, ANA files a notice with the Japanese
28   government to reduce the fuel surcharge on international passenger fares effective

**Class Action Complaint**                                                    12

1 **January 1,** lowering the surcharge from 13,600 yen to 13,000 yen ($113 to
2 $108).

3      66.   March 19, 2007, Japan Airlines files a notice with the Japanese
4 government to reduce the fuel surcharge on international passenger fares effective
5 **May 1,** to 11,000 yen or $91.

6      67.   March 20, 2007, ANA files a notice with the Japanese government to
7 reduce the fuel surcharge on international passenger fares effective **May 1,** to
8 11,000 yen or $91.

9      68.   May 15, 2007, Japan Airlines files a notice with the Japanese
10 government to raise the fuel surcharge on international passenger fares effective
11 **July 1,** from 11,000 yen or $91 to 12,000 yen or $100.

12      69.   May 25, 2007, ANA files a notice with the Japanese government to
13 raise the fuel surcharge on international passenger fares effective **July 10,** from
14 11,000 yen or $91 to 12,000 yen or $100.

15      70.   August 15, 2007, Japan Airlines files a notice with the Japanese
16 government to raise the fuel surcharge on international passenger fares effective
17 **October 1,** from 12,000 yen or $100 to 13,000 yen or $108.

18      71.   August 20, 2007, ANA files a notice with the Japanese government to
19 raise the fuel surcharge on international passenger fares effective **October 1,** from
20 12,000 yen or $100 to 13,000 yen or $108.

21               **TRADE ORGANIZATIONS AND CARTEL OPPORTUNITIES**

22      72.   Defendants' executives and others met informally and formally at
23 various at various meetings of trade associations, including the International Air
24 Transport Association, the Association of Asian Pacific Airlines, Star Alliance,
25 Skyteam Alliance and oneworld. Defendants conspired to artificially inflate Fuel
26 Surcharges on international Passenger Air Transportation at one or more of these
27 meetings.

28

**Class Action Complaint**                                          13

1       73.    The **Association of Asia Pacific Airlines** ("AAPA") is one of the

2 keys to the conspiracy. Ten of the 17 members of AAPA are Defendants. The

3 trade group, based in Kuala Lumpur, Malaysia, is the most powerful group

4 representing Asia/Pacific carriers. The AAPA states its members carry 285 million

5 passengers, or approximately one-fifth of global passenger traffic.

6       74.    AAPA was born during a meeting of Asian airline executives in 1965

7 to discuss regional cooperation. The following year, Philippine Airlines, China

8 Airlines, Korean Airlines and Malaysian Airlines officially formed the Orient

9 Airlines Research Bureau, which evolved into the Association of Asia Pacific

10 Airlines.

11       75.    The stated purpose of AAPA is to foster close cooperation. "AAPA

12 speaks with a common voice on behalf of the Asia Pacific carriers and puts

13 forward Asian perspectives when dealing with governments, aircraft

14 manufacturers, airport authorities and other organizations on industry issues. The

15 activities of the Association cover every aspect of civil aviation where the airlines

16 feel they can work together for mutual benefit. In addition, AAPA retains access

17 to specialized legal and aviation consultants in Brussels and Washington, a

18 reflection of the significant impact which the profusion of U.S. and E.U.

19 regulatory developments have on all international carriers including Asia Pacific

20 airlines," according to AAPA.

21       76.    The Geneva-based **International Air Transport Association,**

22 founded in 1945 in Havana, Cuba, is another key to the cartel. All of the

23 Defendants are members of the IATA, which represents more than 240 airlines

24 comprising 94% of scheduled international air traffic. A measure passed at an

25 IATA meeting in Geneva on May 28, 2004 played a role in triggering the Fuel

26 Surcharge conspiracy and the implementation of the surcharges.

27       77.    Overlapping trade group and/or alliance memberships by airline

28 include:

**Class Action Complaint**                                                       14

1    **Air New Zealand** is a member of the:
2         •    Association of Asia Pacific Airlines.
3         •    Star Alliance.
4         •    International Air Transport Association.
5    **All Nippon Airways** is a member of the:
6         •    Association of Asia Pacific Airlines.
7         •    Star Alliance.
8         •    International Air Transport Association.
9    **Cathay Pacifric Airways** is a member of the:
10        •    Association of Asia Pacific Airlines.
11        •    oneworld.
12        •    International Air Transport Association.
13   **China Airlines** is a member of the:
14        •    Association of Asia Pacific Airlines.
15        •    International Air Transport Association.
16   **EVA Airlines** is a member of the:
17        •    Association of Asia Pacific Airlines.
18        •    International Air Transport Association.
19   **Japan Airlines** is a member of the:
20        •    Association of Asia Pacific Airlines.
21        •    oneworld.
22        •    International Air Transport Association.
23   **Malaysia Airlines** is a member of the:
24        •    Association of Asia Pacific Airlines.
25        •    International Air Transport Association.
26   **Northwest Airlines** is a member of the:
27        •    SkyTeam Alliance.
28        •    International Air Transport Association.

**Class Action Complaint**                                          15

1    **Qantas Airways** is a member of the:

2              •    Association of Asia Pacific Airlines.

3              •    oneworld.

4              •    International Air Transport Association.

5    **Singapore Airlines** is a member of the:

6              •    Association of Asia Pacific Airlines.

7              •    Star Alliance.

8              •    International Air Transport Association.

9    **Thai Airways** is a member of the:

10             •    Association of Asia Pacific Airlines.

11             •    Star Alliance.

12             •    International Air Transport Association.

13                           **JOINT MEETINGS**

14   78.    Executives and managers of Defendant airlines over the years have

15   attended meetings where cartel-like activity was engaged in. The following is a

16   sample of meetings where fuel surcharges were discussed and agreements made:

17   79.    May 28, 2004, International Air Transport Association, Special

18   Meeting, Geneva:  Rising fuel costs were the reason this special meeting was

19   called and it resulted in a surcharge agreement.  The Montreal Gazette reported on

20   June 1, 2004, that members of the "International Air Transport Association might

21   increase international fares by as much as five percent to help cover a surge in jet

22   fuel costs. The proposed fare increase of between two percent and five percent was

23   agreed at a May 28 meeting of the association, which represents more than 270

24   airlines worldwide, an IATA spokesperson said."

25   80.    June 6-8, 2004,  International Air Transport Association Annual

26   General Meeting and World Air Transport Summit, Singapore:  This annual

27   summit was attended by more than 600 airline executives and topic No. 1, cited by

28   Giovanni Bisignani, IATA CEO, was "record high fuel prices." On the last day of

1 this meeting, June 8, 2004, both Japan Airlines International and All Nippon
2 Airways filed applications with the Japanese government to raise international
3 passenger fares because of high fuel costs. In a news release announcing the Fuel
4 Surcharge hike, Japan Airlines International cited the IATA special meeting in
5 May: "The application follows a special meeting of the members of the
6 International Air Transport Association in Geneva, May 28, (2004) when a
7 resolution was discussed to raise fares in the wake of increased fuel prices. This
8 resolution has now been adopted." Japan Airlines International and All Nippon
9 Airways both announced on the same day, June 8, 2004, that a five percent Fuel
10 Surcharge would go into effect, on the same day for both airlines, July 1, 2004.

11      81.    August 30-September 1, 2005, International Flight Services
12 Association, Global Leadership Conference - Asia Pacific, Tokyo: This meeting
13 attracted such participants as Makoto Fukada, an executive of Japan Airlines;
14 Sandra Pineau, and executive of Continental Airlines; Charles Grossrieder, a
15 manager at Cathay Pacific Airways; Nikom Raviyan, Vice President, Thai
16 Airways; Sandeep Bahl, General Manager, Northwest Airlines, Shigeru Miyata,
17 Vice President, Japan Airlines; Kriengsakdi Phatharacharukul, Director, Thai
18 Airways; and Hee Won Jo, Senior Manager, Asiana Airlines.

19      82.    December 5-6, 2005, 2nd Annual Asia Pacific & Middle East Aviation
20 Outlook Summit 2006, Kuala Lumpur, Malaysia: This meeting was labeled
21 "Towards Best Practice; Maximising Revenues and Minimising Costs" and
22 discussions of fuel surcharges were center stage.

23      83.    November 9-10, 2006, 3rd Annual Asia Pacific & Middle East
24 Aviation Outlook Summit, Singapore: This meeting attracted executives from
25 most of the Defendant airlines, including Geoff Dixon, CEO of Qantas, and
26 Huang Cheng Eng, Executive VP for Singapore Airlines. One of the issues
27 presented was *"Fighting Costs: Fuel prices and managing risk exposure."*
28

**Class Action Complaint**                                                             17

1    84.    July 24-25, 2007, Asia Pacific Aviation Summit, Sydney, Australia:
2  Issues discussed included the impact of the investigation by the U.S. Department
3  of Justice into fare price fixing. Another topic was "working together efficiently"
4  to diffuse the investigation of added surcharges.

5                    **LOS ANGELES CARTEL ACTIVITIES**

6    85.    All of the Defendants are carriers into and out of Los Angeles
7  International Airport. Defendants All Nippon Airways, Cathay Pacific Airways,
8  China Airlines, EVA Airways , Japan Airlines, Malaysia Airlines, Qantas
9  Airways,  Singapore Airlines and Thai Airways are located in the Tom Bradley
10  International Terminal. Defendants Air New Zealand and Northwest Airlines are
11  located in Terminal 2.

12    86.    All the Defendants also maintain offices in the Los Angeles area –
13  the majority of them near each other in El Segundo near LAX – providing them
14  with ample opportunities for cartel activities. The addresses:

15        Air New Zealand, 2960 E. Grand Ave., El Segundo
16        All Nippon Airways, 2050 W. 190th St., Torrance
17        Cathay Pacific Airways, 1960 E. Grand Ave., El Segundo
18        China Airlines, 200 N. Continental Blvd., El Segundo
19        EVA Airways, 300 N. Sepulveda Blvd., El Segundo
20        Japan Airlines, 300 Continental Blvd., El Segundo
21        Malaysia Airlines, 100 N. Sepulveda Blvd. El Segundo
22        Northwest Airlines, 11101 Aviation Blvd., Los Angeles
23        Qantas Airways, 7001 World Way W, Los Angeles
24        Singapore Airlines, 5670 Wilshire Blvd., Los Angeles
25        Thai Airways, 222 N. Sepulveda Blvd., El Segundo
26  ///
27  ///
28  ///

**Class Action Complaint**                                                    18

1                    **PREPARING FOR FUEL SURCHARGE FINES**

2            87.    Qantas Airways announced on August 13, 2007, that it would set

3     aside $40 million to cover a potential fine in the United States as a result of Fuel

4     Surcharges and price fixing in its freight division. Geoff Dixon, Qantas CEO, said

5     in the release:

6            "On 1 August 2007, the U.S. Department of Justice announced that British

7     Airways and Korean Air had agreed to plead guilty and pay separate US$300

8     million criminal fines for their roles in *conspiracies to fix prices of passenger and*

9     *cargo flights.* British Airways subsequently announced that US$200 million of its

10    fine related to cargo. Based on these developments, a decision has been made to

11    make a US$40 million (A$47 million) provision in the 2006/07 Financial

12    Accounts... We have investigated this issue thoroughly and are confident that the

13    unacceptable conduct was limited to a small number of people."

14           88.    The Japanese daily newspaper *Asahi Shimbun* on October 6, 2007

15    reported that Japan Airlines would charge $171 million for potential fines in a fuel

16    surcharge fixing probe by U.S. and European Union officials. The newspaper

17    reported:

18           "The company's move comes after the U.S. Justice Department fined British

19    Airways PLC and Korean Air Lines Co. $300 million each in August for fixing the

20    prices of passenger and cargo flights with other airlines. The companies allegedly

21    conspired to set fuel surcharges when oil prices rose."

22                           **ALLEGED VIOLATIONS**

23           89.    In violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, during the

24    Class Period Defendants engaged in a continuing agreement, understanding, and

25    conspiracy in restraint of trade to artificially increase, fix, maintain, and/or stabilize

26    the prices of Passenger Air Transportation and Fuel  Surcharges in the United

27    States and throughout the world.

28

1    90.    In formulating and effectuating the alleged contract, combination, or
2 conspiracy, Defendants engaged in anti-competitive activities, the purpose and
3 effect of which were to artificially increase, fix, maintain, and/or stabilize the
4 prices of Passenger Air Transportation and Fuel  Surcharges.  These activities
5 included the following:

6          a.    Agreeing to charge prices of Passenger Air Transportation and
7 Fuel Surcharges at certain levels and to fix, increase, maintain, and/or stabilize the
8 prices of Passenger Air Transportation and Fuel Surcharges charged in the United
9 States and throughout the world;

10          b.    Signaling increases in the price of Passenger Air Transportation
11 and Fuel Surcharges by, *inter alia*, publicly announcing their increases;

12          c.    Charging Passenger Air Transportation and Fuel Surcharges at
13 the agreed-upon rates;

14          d.    Keeping prices of their Passenger Air Transportation and Fuel
15 Surcharges in lock step; and

16          e.    Announcing new Passenger Air Transportation and Fuel
17 Surcharges prices nearly simultaneously or within just days of each other.

18    91.    The Defendants increased, as a ratio to external costs – and profits –
19 the Passenger Air Transportation and Fuel Surcharges they charged during the
20 Class Period.

21    92.    These  increases in Passenger Air Transportation and Fuel Surcharges
22 cannot be explained by actual increases in fuel prices or supply/demand forces, but
23 rather were the result of anticompetitive conduct and behavior.

24    93.    Plaintiffs and members of the Class, during the Class Period,
25 purchased Passenger Air Transportation directly from Defendants (or their agents,
26 subsidiaries, and/or controlled affiliates).

27 ///

28 ///

**Class Action Complaint**                                                    20

1     94.   The illegal combination and conspiracy alleged herein has included
2  the following effects:

3        a.    Price competition in the pricing of Passenger Air Transportation
4  and Fuel Surcharges thereon has been restrained, suppressed, and/or eliminated;

5        b.    Price competition in the contracting of Passenger Air
6  Transportation has been restrained, suppressed, and/or eliminated;

7        c.    Prices for Passenger Air Transportation and Fuel Surcharges
8  thereon charged by Defendants have been fixed, increased, maintained, and/or
9  stabilized at artificially high, non-competitive levels; and

10       d.    Members of the Class have been deprived of the benefit of free
11  and open competition.

12              **FRAUDULENT CONCEALMENT OF UNLAWFUL CONDUCT**

13     95.   Defendants affirmatively and fraudulently concealed their unlawful
14  conduct from Plaintiffs and the Class throughout the relevant period.

15     96.   Until shortly before this litigation was commenced, Plaintiffs and the
16  members of the Class did not discover, and could not discover through the exercise
17  of reasonable diligence, that Defendants were violating the antitrust laws.

18     97.   In addition, Plaintiffs and the members of the Class could not have
19  discovered the violations earlier than that time because Defendants conducted their
20  conspiracy in secret, concealed the nature of their unlawful conduct and acts in
21  furtherance thereof, and fraudulently concealed their activities through various
22  other means and methods designed to avoid detection. By its nature, the conspiracy
23  was self-concealing.

24     98.   Because of Defendants' active and purposeful concealment of their
25  unlawful activities, Plaintiffs and the members of the Class could not have
26  discovered the unlawful conduct at an earlier date through the exercise of
27  reasonable diligence.

28

1    99.    Defendants engaged in a successful, illegal price-fixing conspiracy
2  with respect to Fuel Surcharges and other fees, which they affirmatively concealed,
3  in at least the following respects:

4          a.    By engaging in secret meetings and telephone calls in order to
5  further their illicit Passenger Air Transportation and Fuel  Surcharges cartel;

6          b.    By agreeing among themselves not to discuss publicly, or
7  otherwise reveal, the nature and substance of the acts and communications in
8  furtherance of their illegal scheme;

9          c.    By giving false and pretextual reasons for their pricing for
10 Passenger Air Transportation and Fuel Surcharges thereon, and their increases,
11 during the relevant period and by describing such pricing and increases falsely as
12 being the result of external costs rather than collusion.

13   100.   As a result of Defendants' fraudulent concealment of their conspiracy,
14 Plaintiffs and the Class assert the tolling of any applicable statute of limitations
15 affecting the rights of action of Plaintiffs and the members of the Class.

16              **INJURY TO PLAINTIFFS AND THE CLASS**

17   101.   Plaintiffs and the members of the Class, because of Defendants'
18 antitrust violations, paid Fuel Surcharges and other fees they would not have paid
19 absent such violations during the Class Period.  As a result, Plaintiffs and the
20 members of the Class have been injured and damaged in their business and
21 property in an amount to be determined according to proof.

22   102.   Plaintiffs and the members of the Class have been injured and
23 financially damaged in their respective businesses and property as a direct and
24 proximate result of the illegal conspiracy, in that they have paid Fuel Surcharges
25 and other fees during the Class Period they would not have paid in the absence of
26 the illegal conspiracy.

27 ///

28 ///

**Class Action Complaint**                                                        22

1   **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiffs pray that:

3       A.    The Court determine that this action may be maintained as a class
4   action under Rule 23(a) and (b) (3) of the Federal Rules of Civil Procedure;

5       B.    The Court adjudge and decree that the contract, combination and
6   conspiracy alleged herein is a per se unreasonable restraint of trade in violation of
7   Section 1 of the Sherman Act;

8       C.    Judgment be entered against Defendants, jointly and severally, and in
9   favor of Plaintiffs and the Class for damages as allowed by law as determined to
10  have been sustained by them;

11      D.    Each of the Defendants, successors, assigns, parents, subsidiaries,
12  affiliates and transferees, and their respective officers, directors, agents and
13  employees, and all other persons acting or claiming to act on behalf of Defendants
14  or in concert with them, be permanently enjoined and restrained from, in any
15  manner, directly or indirectly, continuing, maintaining or renewing the
16  combinations, conspiracy, agreement, understanding or concert of action, or
17  adopting any practice, plan, program or design having a similar purpose or effect in
18  restraining competition;

19      E.    The Court award Plaintiffs and the Class attorneys' fees and costs, and
20  pre-judgment and post-judgment interest as permitted by law; and

21      F.    The Court award Plaintiffs and the Class such other and further relief
22  as may be necessary and appropriate.

23

24  DATED: November 8, 2007             **GIRARDI / KEESE**

25

26                                      By:
27                                         **THOMAS V. GIRARDI**
                                           *Attorneys for Plaintiffs and the Class*
28

1

## JURY TRIAL DEMAND

2       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial

3  by jury of all of the claims asserted in this Complaint so triable.

4
DATED: November 8, 2007                        **GIRARDI | KEESE**

5

6
                                        By: _____

7                                           **THOMAS V. GIRARDI**
                                            *Attorneys for Plaintiffs and the Class*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Class Action Complaint**                                              24

ORIGINAL

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br>ANDREW BARTON, TRACEY WADMORE SMITH, individually and on behalf of all others similarly situated, | **DEFENDANTS**<br>AIR NEW ZEALAND, ALL NIPPON AIRWAYS, CATHAY PACIFIC AIRWAYS, CHINA AIRLINES, EVA AIRWAYS, JAPAN AIRLINES INTERNATIONAL, MALAYSIA AIRLINES, NORTHWEST AIRLINES, QANTAS AIRWAYS, SINGAPORE AIRLINES, THAI AIRWAYS, |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):  N / A |

| | |
|---|---|
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Thomas V. Girardi, Esq.<br>Graham B. LippSmith<br>GIRARDI \| KEESE<br>1126 Wilshire Blvd.<br>Los Angeles, CA 90017<br>(213) 977-0211 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

COMPLAINT FOR VIOLATIONS OF THE SHERMAN ANTITRUST ACT 15 U.S.C. § 1;

Antitrust Class Action Case arising from a conspiracy to fix, increase, maintain and/or stabilize prices for passenger flights for transpacific flights to and from the United States.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☒ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:  Case Number: _____

CV07-07392

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?   ☒ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above

in a, b or c also is present.

**IX.  VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐   Check here if the U.S. government, its agencies or employees is a named plaintiff.

Both named Plaintiffs rised in Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides.   (Use an additional sheet if necessary).

☐   Check here if the U.S. government, its agencies or employees is a named defendant.

Air New Zealand- New Zealand; All Nippon Airways- Japan; Cathay Pacific Airways - Hong Kong; China Airlines-Taiwan; Eva Airways-Taiwan; Japan Airlines-Japan; Malaysia Airlines-Malaysia; Northwest Airlines-MN; Qantas-MSW; Singapore Airlines- Singapore; Thai Airways- Thai.

List the California County, or State if other than California, in which EACH claim arose.   (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 11-8-2007

Graham B. LippSmith

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)  PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)  County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II.  JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.  RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.  REQUESTED IN COMPLAINT.
*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction, *Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI.  CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.          Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a)  IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b)  RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.  VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.  Attorney or party appearing pro per must sign and date this form.



NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Thomas V. Girardi, Esq.(SBN 36603)
Graham B. LippSmith, Esq. (SBN 221984)
GIRARDI | KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
(213) 977-0211
ATTORNEYS FOR: Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW BARTON, TRACEY WADMORE SMITH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br>V.<br><br>AIR NEW ZEALAND, ALL NIPPON AIRWAYS, CATHAY PACIFIC AIRWAYS, CHINA AIRLINES, EVA AIRWAYS, JAPAN AIRLINES INTERNATIONAL, MALAYSIA AIRLINES, NORTHWEST AIRLINES, QANTAS AIRWAYS, SINGAPORE AIRLINES, THAI AIRWAYS,<br>Defendant(s) | CASE NUMBER<br><br>CV07-07392 **PSG PJWx**<br><br>**CERTIFICATION AND NOTICE**<br>**OF INTERESTED PARTIES**<br>**(Local Rule 7.1-1)** |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:


The undersigned, counsel of record for   Plaintiffs and the Class
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| AIR NEW ZEALAND | Defendant |
| ALL NIPPON AIRWAYS | Defendant |
| CATHAY PACIFIC AIRWAYS | Defendant |
| CHINA AIRLINES | Defendant |
| EVA AIRWAYS | Defendant |
| JAPAN AIRLINES INTERNATIONAL | Defendant |
| MALAYSIA AIRLINES | Defendant |
| NORTHWEST AIRLINES | Defendant |
| QANTAS AIRWAYS | Defendant |
| SINGAPORE AIRLINES | Defendant |
| THAI AIRWAYS | Defendant |
| ANDREW BARTON | Plaintiff |
| TRACEY WADMORE SMITH | Plaintiff |
| CLASS MEMBERS | Plaintiffs |

November 8, 2007
Date

Sign
Graham B. LippSmith, Esq.

Attorney of record for or party appearing in pro per
Plaintiffs and the Class

CV-30 (12/03)                    **NOTICE OF INTERESTED PARTIES**

FILED

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 19, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 19, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

2008 MAR 21 PM 1: 53

CLERK'S DISTRICT COURT
LOS ANGELES

BY _____ NL _____

IN RE: TRANSPACIFIC PASSENGER AIR
TRANSPORTATION ANTITRUST LITIGATION
Donald Wortman, et al. v. Air New Zealand, et al.,   )
N.D. California, C.A. No. 3:07-5634                         )
Andrew Barton, et al. v. Air New Zealand, et al.,    )
C.D. California, C.A. No. 2:07-7392  PSG ( PJWx )

MDL No. 1913

**TRANSFER ORDER**

ORIGINAL
FILED

FEB 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Before the entire Panel:** Plaintiffs in the Northern District of California *Wortman* action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. All responding parties agree that this district is the most appropriate transferee district for this litigation, but variously advocate selection of three different Northern District of California judges as the MDL No. 1913 transferee judge.

This litigation currently consists of two actions, one action each in the Northern District of California and the Central District of California.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that various airline defendants conspired to fix the price of passenger airfares for flights between the United States and transpacific destinations in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation, because (1) all responding parties agree that the Northern District of California is a suitable transferee district; (2) one constituent action and thirteen potential tag-along actions are already pending there; and (3) Judge Charles R. Breyer has the experience to steer this docket on a prudent course.

---

[1] The Panel has been notified of thirteen potentially related actions pending in the Northern District of California. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 2-26-08

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.      Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica

(PJWx), CLOSED, DISCOVERY, MANADR, TRANSFERRED

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:07-cv-07392-PSG-PJW
### Internal Use Only

Andrew Barton et al v. Air New Zealand et al
Assigned to: Judge Philip S. Gutierrez
Referred to: Magistrate Judge Patrick J. Walsh
Related Case: 2:08-cv-00243-PSG-PJW
Cause: 15:0001 Antitrust Litigation

Date Filed: 11/09/2007
Date Terminated: 03/26/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

### Plaintiff

**Andrew Barton**
*individually and on behalf of all others
similarly situated*

represented by **Graham B LippSmith**
Girardi and Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
213-977-0211
Email: glippsmith@girardikeese.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V Girardi**
Girardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
213-977-0211
Email: tgirardi@girardikeese.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Tracey Wadmore Smith**
*individually and on behalf of all others
similarly situated*

represented by **Graham B LippSmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

### Air New Zealand

**Defendant**

**All Nippon Airways**                    represented by **Jonathan G Fetterly**
                                          Holme Roberts and Owen LLP
                                          777 South Figueroa Street Suite 2800
                                          Los Angeles, CA 90017-5826
                                          213-572-4300
                                          Email: jon.fetterly@hro.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Cathay Pacific Airways**

**Defendant**

**China Airlines**

**Defendant**

**Eva Airways**                           represented by **Christopher Thomas Casamassima**
                                          Kirkland and Ellis
                                          777 South Figueroa Street, Suite 3700
                                          Los Angeles, CA 90017
                                          213-680-8358
                                          Email: ccasamassima@kirkland.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Japan Airlines International**

**Defendant**

**Malaysia Airlines**

**Defendant**

**Northwest Airlines**

**Defendant**

**Qantas Airways**                        represented by **Lisa M Pooley**
                                          Hanson Bridgett Marcus Vlahos &
                                          Rudy
                                          333 Market St, Ste 2300
                                          San Francisco, CA 94105-2173
                                          415-777-3200
                                          Email: lpooley@hansonbridgett.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Singapore Airlines**

**Defendant**

**Thai Airways**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2007 | ●1 | COMPLAINT against Defendants Cathay Pacific Airways, China Airlines, Eva Airways, Japan Airlines International, Malaysia Airlines, Northwest Airlines, Qantas Airways, Singapore Airlines, Thai Airways, Air New Zealand, All Nippon Airways. (Filing fee $ 350 PAID.) Jury Demanded., filed by Plaintiffs Andrew Barton, Tracey Wadmore Smith. (et) (Entered: 11/16/2007) |
| 11/09/2007 | ● | 20 DAY Summons Issued re Complaint - (Discovery) [1] as to Defendants Cathay Pacific Airways, China Airlines, Eva Airways, Japan Airlines International, Malaysia Airlines, Northwest Airlines, Qantas Airways, Singapore Airlines, Thai Airways, Air New Zealand, All Nippon Airways. (et) (Entered: 11/16/2007) |
| 11/09/2007 | ●2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Andrew Barton, Tracey Wadmore Smith. (et) (Entered: 11/16/2007) |
| 11/09/2007 | ●3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed. (et) (Entered: 11/16/2007) |
| 11/09/2007 | ● | FAX number for Attorney Graham B LippSmith is 213-481-1554. (et) (Entered: 11/16/2007) |
| 11/14/2007 | ●4 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge Philip S. Gutierrez: This action has been assigned to the calendar of Judge Philip S. Gutierrez. All counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16, 26, and the Local Rules of the Central District of California, this Court's Order for Jury Trial, and this Court's Order for Court Trial. See document for details. (es) (Entered: 11/16/2007) |
| 02/04/2008 | ●5 | First STIPULATION for Extension of Time to File Answer to 45 days after filing of a Consolidated Amended Complaint in the Transpacific Air Passenger cases re Complaint - (Discovery), Complaint - (Discovery)[1] filed by Plaintiff Andrew Barton.(LippSmith, Graham) (Entered: 02/04/2008) |
| 02/04/2008 | ●6 | First STIPULATION for Order to Extend Time for Defendant Thai Airways International Public Company Limited to Respond to Complaint filed by Plaintiff Andrew Barton. (Attachments: # 1 Proposed Order Re Stipulation Re Extension of Time for Defendant Thai Airways International Public Company Limited to Respond to Complaint) (LippSmith, Graham) (Entered: 02/04/2008) |
| 02/07/2008 | ●7 | First STIPULATION for Extension of Time to File Answer to (1) the date when Defendant would otherwise be required to a file a response |

| | | pursuant to Federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. filed by Plaintiff Andrew Barton. (Attachments: # 1 Proposed Order Re Stipulation to Extend Defendant Northwest Airline's Time to Respond to Complaint)(LippSmith, Graham) (Entered: 02/07/2008) |
|---|---|---|
| 02/07/2008 | ●8 | First STIPULATION for Extension of Time to File Answer to (1) the date when Defendant would otherwise be required to a file a response pursuant to Federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. re Stipulation to Extend Time to Answer (More than 30 days), Stipulation to Extend Time to Answer (More than 30 days)7 filed by Plaintiff Andrew Barton. (Attachments: # 1 Proposed Order Proposed Order Re Stipulation to Extend Northwest Airline's Time to Respond to Complaint) (LippSmith, Graham) (Entered: 02/07/2008) |
| 02/07/2008 | ●9 | First STIPULATION for Extension of Time to File Answer to (1) the date when Defendant would otherwise be required to a file a response pursuant to Federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. filed by Plaintiff Andrew Barton. (Attachments: # 1 Proposed Order Re Stipulation to Extend Japan Airline's Time to Respond to Complaint) (LippSmith, Graham) (Entered: 02/07/2008) |
| 02/08/2008 | ●14 | ORDER by Judge Philip S. Gutierrez, Granting Stipulation Re Extension of Time for Defendant Thai Airways International Public Compaany Limited to Respond to Complaint 13 IT IS ORDERED that based on the stipulation of the parties Defendant Thai Airways response to the complaint is due 5/1/2008 (es) (Entered: 02/12/2008) |
| 02/11/2008 | ●10 | Joint STIPULATION for Extension of Time to File filed by defendant Eva Airways. (Attachments: # 1 Proposed Order)(Casamassima, Christopher) (Entered: 02/11/2008) |
| 02/11/2008 | ●11 | First STIPULATION for Extension of Time to File filed by Defendant All Nippon Airways. (Attachments: # 1 Proposed Order Proposed Order Granting Stipulation Re Extension of Time for Defendant All Nippon Airways Co. To Respond to Complaint)(Fetterly, Jonathan) (Entered: 02/11/2008) |
| 02/11/2008 | ●12 | First STIPULATION for Extension of Time to File Answer to forty-five days after the filing of a Consolidated Amended Complaint in the Transpacific Air Passenger cases, or such other times as the parties may jointly agree to in writing. filed by Plaintiff Andrew Barton. (Attachments: # 1 Proposed Order ON STIPULATION RE EXTENSION OF TIME FOR DEFENDANT CATHAY PACIFIC AIRWAYS LTD. TO RESPOND TO COMPLAINT)(LippSmith, Graham) (Entered: 02/11/2008) |
| 02/11/2008 | ●13 | First STIPULATION for Extension of Time to File Answer to forty-five days after the filing of a Consolidated Amended Complaint in the Transpacific Air Passenger cases, or such other times as the parties may |

| | | |
|---|---|---|
| | | jointly agree to in writing. re Stipulation to Extend Time to Answer (More than 30 days), Stipulation to Extend Time to Answer (More than 30 days)12 filed by Plaintiff Andrew Barton.(LippSmith, Graham) (Entered: 02/11/2008) |
| 02/12/2008 | ●15 | STIPULATION for Extension of Time to File Answer to 45 days after filing of a consolidated amended complaint in the Transpacific Air Passenger cases or such other times as the parties may jointly agree in writing filed by Defendant Qantas Airways. (Attachments: # 1 Proposed Order Proposed Order on Stipulation Re Extension of Time for Defendant Qantas Airways Limited to Respond to Complaint)(Pooley, Lisa) (Entered: 02/12/2008) |
| 02/12/2008 | ●16 | Joint STIPULATION AND ORDER by Judge Philip S. Gutierrez Extending Time to Respond to Complaint (es) (Entered: 02/13/2008) |
| 02/13/2008 | ●17 | ORDER by Judge Philip S. Gutierrez, Re Joint Stipulation Extending time to Respond to Complaint. IT IS ORDERED THAT, to conserve party and judicial resources, and in light of the proceedings currently pending before the JPML to consolidate and transfer all pending related cases to one court, Defendants time to answer, move or otherwise plead is enlarged until the later of: (1) the date when Defendant would otherwise be required to a file a response pursuant to Federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. (es) (Entered: 02/13/2008) |
| 02/13/2008 | ●18 | ORDER by Judge Philip S. Gutierrez, Granting Joint Stipulation to Extend Time to Respond to Complaint, 9 IT IS ORDERED THAT, to conserve party and judicial resources, and in light of the proceedings currently pending before the JPML to consolidate and transfer all pending related cases to one court, Defendants time to answer, move or otherwise plead is enlarged until the later of: (1) the date when Defendant would otherwise be required to a file a response pursuant to Federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. (es) (Entered: 02/13/2008) |
| 02/13/2008 | ●19 | ORDER by Judge Philip S. Gutierrez, Granting Stipulation for Extension of Time to Respond to Complaint10 IT IS HEREBY ORDERED THAT Defendants time to answer, move, or otherwise plead is enlarged until the later of: (1) the date when Defendant would otherwise be required to a file a response pursuant to federal Rule of Civil Procedure 12; or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion. If a consolidated amended complaint is filed by Plaintiffs in a single transferee Court and served on Defendant, Defendants time to answer, move, or otherwise plead is enlarged until 45 days after such service. (es) (Entered: 02/13/2008) |
| 02/13/2008 | ●20 | ORDER by Judge Philip S. Gutierrez, Grainting Stipulation to Extend Time to Respond to Complaint12 it is hereby ORDERED that The deadline for Cathay Pacific Airways Ltd. to answer, move, or otherwise respond to plaintiffs Complaint shall be extended until forty-five days after the filing of a Consolidated Amended Complaint in the Transpacific |

|  |  | Air Passenger cases, or such other times as the parties may jointly agree to in writing. (see attached document for further details) (es) (Entered: 02/13/2008) |
| --- | --- | --- |
| 02/13/2008 | 🔵21 | ORDER by Judge Philip S. Gutierrez, Granting Stipulation for Extension of Time to Respond to Complaint 11 The deadline for All Nippon Airways Co., Ltd. to answer, move, or 3therwise respond to plaintiffs' Complaint shall be extended until forty-five days after the filing of a Consolidated Amended Complaint in the Transpacific Air Passenger cases, or such other times as the parties may jointly agree to in writing. (SEE DOCUMENT FOR FURTHER DETAILS) (es) (Entered: 02/13/2008) |
| 02/14/2008 | 🔵22 | ORDER by Judge Philip S. Gutierrez, On Stipulation to Extend Time to Respond to Complaint 15 IT IS HEREBY ORDERED that: the deadline for Qantas Airways Limited to answer, move, or otherwise respond I to plaintiffs' Complaint shall be extended until forty-five days after the filing of a Consolidated (Amended Complaint in the Transpacific Air Passenger cases, or such other times as the parties may jointly agree to in writing. (see attached document for further details) (es) (Entered: 02/14/2008) |
| 03/26/2008 | 🔵23 | ORDER Transferring Case to Northern District of California. (MDL 1913) Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 Transmittal CV-117) (es) (Entered: 03/26/2008) |